574 So.2d 266 (1991)
Sharon Ann ANTHONY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1834.
District Court of Appeal of Florida, First District.
February 6, 1991.
*267 Barbara M. Linthicum, Public Defender, David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant, Sharon Ann Anthony, appeals the trial court's order revoking probation on the basis of her failure to pay restitution. We reverse.
According to the record on appeal, appellant was convicted of DWI manslaughter in January 1987 and was sentenced to five years incarceration followed by two years probation. As a special condition of her probation, appellant was ordered to pay a total of $7,407.85 in restitution. While incarcerated, appellant paid $500 toward the restitution requirement. She was then released from incarceration in October of 1989, began serving her term of probation, and was married later that month. Appellant also made restitution payments of $30 in October 1989, $50 in November 1989, $10 in March 1990, and $10 in May 1990. No payments were made in January, February, or April of 1990.
In March 1990, appellant's probation officer filed an affidavit alleging that appellant had violated probation by failing to make regular monthly payments toward her restitution obligation. A hearing was held on the allegation and, after considering both appellant's gross income and her husband's gross income and monthly expenses, the trial court entered an order finding:
I've given them additional credit of a $100 a month for miscellaneous in my calculations. That still leaves about $45 a month surplus giving them credit for a $100 a month for miscellaneous and things like that ... it appears to me from the testimony that they live on a very tight budget, but also it appears that she's had an ability to pay at least some each month, maybe even $5.00 a month.
We find that the trial court erred in considering appellant's husband's income and expenses in determining appellant's ability to pay restitution. According to statutory and case law, the trial court is required to determine a defendant's ability to pay both before ordering restitution, Eloshway v. State, 553 So.2d 1258 (Fla. 4th DCA 1989), and before revoking probation for failure to pay restitution imposed as a condition thereof. Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985). In the former situation, the controlling statute specifically allows the court to consider not only the financial resources of the defendant, but also the "present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate." Section 775.089(6), Fla. Stat. With regard to revocation of probation, on the other hand, the controlling statute provides only for consideration of the defendant's "employment status, earning ability, and financial resources; the willfulness of the defendant's failure to pay; and any other special circumstances that may have a bearing on the defendant's ability to pay." Section 948.032, Fla. Stat. (emphasis supplied).
We therefore reverse the order revoking probation, and remand for the trial court to redetermine appellant's ability to pay restitution, according to section 948.032, Fla. Stat., without consideration of her husband's income and expenses.
MINER, J., concurs.
SMITH, J., specially concurs and dissents with opinion.
SMITH, Judge, specially concurring and dissenting.
I concur in the majority's opinion, but I would add, for clarification, that the language of section 775.089(6), quoted in the majority opinion, does not contemplate that the court, in determining a defendant's ability to pay, may base that decision upon the ability of the defendant's dependents, or spouse, to contribute to or pay any portion of the restitution amount. Insofar as the majority opinion may imply a contrary construction of section 775.089(6), I dissent.