PER CURIAM.
The appellant, Edward E. Vincent, appeals the trial court’s order revoking his probation *807 for failing to serve the jail time ordered as a condition of probation and for failing to pay restitution to the victim. We reverse in part and affirm in part.
Vincent was originally ordered to serve twenty-five weekends in the county jail during a period of one year. He suffered a stroke and was unable to comply with this condition of his probation. The trial court modified the probation by adding six months in which Vincent could serve the jail time. According to the order as modified, he could report to the jail on weekends or on weekdays at any time between 8:00 a.m. and 8:00 p.m. until a total of fifty days were served.
In the original probation order, Vincent also was ordered to pay $541,450.00 in restitution, $30,000 due at the time of the order and then $350 per month. He paid the $30,-000 but was unable to pay the ordered monthly installments. When the court modified Vincent’s probation to extend the time for reporting to the jail, the restitution was modified as well. Instead of a fixed amount in monthly installments, Vincent’s restitution was set at twenty-five percent of his net income per month.
After this modification, the state filed an affidavit of violation alleging that Vincent had failed to comply with the terms of his probation. At the revocation hearing, the trial court, after finding that Vincent had violated both conditions, revoked his probation and sentenced him to fifteen years in prison followed by fifteen years probation. We affirm without discussion the tidal court’s finding of a violation of the condition regarding county jail time, but reverse the trial court’s finding of a violation of the condition concerning restitution.
The trial court reasoned that Vincent’s ability to pay restitution was taken into account when he was ordered to pay twenty-five percent of his net income as restitution. During the revocation hearing, defense counsel argued that there were some months in which Vincent’s expenses exceeded his monthly income. The court then clarified that the twenty-five percent was to be paid like income tax, before any other expenses were deducted. This discussion concluded with the following statements:
Koran: (Defense counsel) Well, Judge, I think if I understand the law on restitution, essentially we’re discussing whether or not he has the ability to pay, and—
Court: Right, and we went through that before. I’ve been through that previously. I’ve determined that his ability to pay is based upon twenty-five percent of whatever his net income might be, therefore, leaving him seventy-five percent of his net income for his own personal living expenses. What I’m saying is I’ve been through that road with Mr. Vincent previously.
Following this discourse and further testimony on Vincent’s financial condition which demonstrated that his bills for most of the months in question exceeded his income, the trial court found that Vincent had the ability to pay twenty-five percent of his net income and thus, his failure to do so was a willful and substantial violation of his probation.
While the trial court made a finding of fact on the record that Vincent had the ability to pay, this finding appears to have been based not on the evidence introduced during the revocation hearing, but on the previous determination of ability to pay that the trial court had made when it modified Vincent’s probation. This automatic fact-finding resulted in imprisonment without a determination of Vincent’s ability to pay in violation of his right to due process and equal protection of the law as well as the prohibition against imprisonment for failure to pay a debt. See Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Stephens v. State, 630 So.2d 1090 (Fla.1994) aff'g Hamrick v. State, 519 So.2d 81 (Fla. 3d DCA 1988). In order to revoke a defendant’s probation based on a failure to pay restitution, a trial court must find that the defendant had the ability to pay the restitution not only “before ordering restitution [but also] before revoking probation for failure to pay restitution imposed as a condition thereof.” [citations omitted] Anthony v. State, 574 So.2d 266 (Fla. 1st DCA 1991); See also Earle v. State, 519 So.2d 757 (Fla. 1st DCA 1988). The trial court’s failure to make such a finding in this case was an abuse of discretion *808 and requires a reversal on this issue. Since we cannot determine if the court would have revoked appellant’s probation solely for the jail time violation, we remand this case for further proceedings.
Affirmed in part and reversed in part.
ALLEN, WEBSTER and PADOVANO, JJ., concur.