937 So.2d 714 (2006)
Antonio MARTIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D05-3471, 1D05-3473, 1D05-3474.
District Court of Appeal of Florida, First District.
August 24, 2006.
Rehearing Denied September 20, 2006.
Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Antonio Martin appeals the trial court's orders revoking probation in three consolidated cases because he failed to pay his courts costs and the costs of probation supervision fully and on time. Because the trial court made no finding that the appellant had the ability to pay these costs, we reverse.
On June 3, 2003, the appellant entered guilty pleas in each of three cases below,[1] was adjudicated guilty, and sentenced concurrently in each case to serve 180 days in county jail and five years' probation.[2] He was also ordered to pay $20 per month for probation supervision, and to pay court costs "in equal monthly installments in an amount sufficient to pay the total sum in full three months before the end of the probationary period."
*715 After earlier revocation proceedings had led to the reinstatement of probation (albeit with further jail time as a condition), the appellant was again arrested, this time on suspicion of throwing a deadly missile into an occupied dwelling. An affidavit of violation of probation was completed in each case on April 26, 2005, alleging that the appellant failed to comply with condition 2 of the order of probation by failing to pay for supervision costs; condition 5 by violating the law by throwing a deadly missile into an occupied dwelling; condition 10 by failing to pay court costs; and condition 24 by failing to complete fifty hours of community service hours as of April 26, 2005.
At the hearing on the violation of probation, the prosecutor withdrew the allegation of violation of condition number 5 (the new law violation). The judge found that the appellant was not guilty of violating condition 24, failing to complete the community service hours, because, although appellant had not yet served fifty hours, he had until the end of his probation to complete the prescribed hours. See Pollard v. State, 930 So.2d 854, 855 (Fla. 2d DCA 2006) ("[T]he State cannot prove a willful and substantial violation of a condition to complete community service hours ... when the order does not contain a beginning and ending date for completing the hours and when there is sufficient time remaining for the probationer to complete the required hours[.]").
Regarding the only remaining allegations, payment of court costs and the costs of supervision, the appellant's probation officer testified that he had begun supervising the appellant in December of 2004, and that the appellant had been incarcerated off and on since. The probation officer testified that, when the appellant was not in jail, it appeared that he had paid between $10 and $20 per month toward his costs. Appellant conceded that he did not pay while in jail. He testified that he attempted to find employment, but did not find anything other than "odds and ends," jobs which did not pay very much. The judge found the appellant guilty of violating conditions 2 and 10, for failing to pay the cost of supervision and court costs.
The trial judge made no finding that the appellant had the ability to pay either court costs or the "cost of supervision." § 948.06(5), Fla. Stat. (2001). Instead, the learned trial judge seemed to acknowledge that the appellant's periodic incarceration made it impossible for him to make the payments. Specifically, the judge stated:
What I fail to understand, Mr. Martin, is your defense is that your own misconduct is your defense. Because you were in jail, which, by the way, you pled to the charges, because you were in jail, by your own criminal act, you were unable to comply with the lawful things you should have been doing, so I should excuse the fact that you didn't comply with the law because you were busy breaking the law.
This ruling comes much closer to a finding of an inability to pay than to a finding that the appellant was, although often in jail and without a source of income, able to pay the costs he had been ordered to pay on schedule. Absent a finding of ability to pay, the trial court erred in revoking probation based on the failure to pay.
Revoking probation for failure to pay costs without a finding that the probationer had the ability to pay requires reversal.[3]See Smith v. State, 892 So.2d 513, *716 514 (Fla. 1st DCA 2004) (reversing an order revoking community control because, although the trial court held a full evidentiary hearing and found that the appellant failed to pay both his court costs and costs of supervision, "[t]he court did not, however, find either orally or in its written order that appellant had the ability to pay"). Under section 948.06(5), Florida Statutes (2005), the burden is on the probationer to prove his inability to pay, once nonpayment has been established. § 948.06(5), Fla. Stat. (2005) ("In any hearing in which the failure of a probationer or offender in community control to pay restitution or the cost of supervision ... is established by the state, if the probationer or offender asserts his or her inability to pay restitution or the cost of supervision, it is incumbent upon the probationer or offender to prove by clear and convincing evidence that he or she does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so."). This statute does not, however, relieve the trial court of its obligation to make a finding that the probationer has the ability to pay. See Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994) ("We ... hold that, before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person has, or has had, the ability to pay but has willfully refused to do so.") (citing Bearden v. Georgia, 461 U.S. 660, 672-73, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)); Whidden v. State, 701 So.2d 1224, 1225 (Fla. 1st DCA 1997) (reversing because "the record will not support the finding regarding the failure to pay monetary obligations because the trial court did not find that appellant had the ability to pay those obligations"); Vincent v. State, 699 So.2d 806, 807 (Fla. 1st DCA 1997) (holding that it was an abuse of discretion for a trial court to revoke probation for failing to pay restitution based on stale facts, and stating that "[t]his automatic fact-finding resulted in imprisonment without a determination of [the probationer's] ability to pay in violation of his right to due process and equal protection of the law as well as the prohibition against imprisonment for failure to pay a debt").
Reversed.
BENTON, PADOVANO, and LEWIS, JJ., concur.
NOTES
[1] He entered a plea of guilty to one count of felony driving with a suspended license and one count of reckless driving in the first case; one count of domestic battery, one count of resisting arrest without violence, one count of felony driving with a suspended license, and one count of felony fleeing in the second case; and one count of domestic battery, one count of felony attempt to elude, one count of misdemeanor driving with a suspended license, one count of driving under the influence, and one count of possession of cannabis in the third case.
[2] In the second and third cases, he was also sentenced to serve one year of probation for the misdemeanor charges to run concurrently with the five-year probationary period. In the second and third cases, as a condition of probation, he was ordered to complete a batterer's intervention program. In the third case, as conditions of probation, he was ordered to complete the following additional special conditions: completing DUI school, six months' suspended driver's license, and fifty hours of community service.
[3] We reject the State's argument that the orders revoking probation should be upheld on the alternative ground that the appellant may have violated additional conditions of probation which were not complained of in the affidavit of the violation of probation. See, e.g., Smith v. State, 738 So.2d 433, 435 (Fla. 1st DCA 1999) ("Revocation of probation on grounds never alleged in writing violates due process and is fundamental error.").