PER CURIAM.
 

 Darell Johnson appeals the trial court’s revocation of his probation and imposition of a sentence totaling seven years’ imprisonment. The trial court found that Mr. Johnson violated four conditions of his probation, including failing to make restitution payments.
 

 At the hearing, Mr. Johnson testified that he had not made many restitution payments because he was barely surviving on his monthly salary. Mr. Johnson’s probation 'officer testified that Mr. Johnson had not made any restitution payments, but did not testify regarding his ability to do so. While section 948.06(5), Florida Statutes (2007), provides that once the state establishes a probationer’s failure to pay restitution, “it is incumbent upon the probationer or offender to prove by clear and convincing evidence that he or she does not have the present resources” to do so, this court has held this statute “does not ... relieve the trial court of its obligation to make a finding that the probationer has the ability to pay.”
 
 Martin v. State,
 
 937 So.2d 714, 716 (Fla. 1st DCA 2006).
 

 Because the trial court did not make a finding that Mr. Johnson had the ability to make restitution payments, we reverse as to this ground for revocation of probation. As it is unclear from the record whether the trial court would have revoked Mr. Johnson’s probation and imposed the same sentence based on the three remaining violations, we reverse the revocation order and remand for further proceedings.
 
 See Marzendorfer v. State,
 
 16 So.3d 957, 958 (Fla. 1st DCA 2009).
 

 Reversed and remanded.
 

 BENTON, C.J., LEWIS, and SWANSON, JJ„ concur.