IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NICHOLE GIVENS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4148

Opinion filed July 8, 2015.

An appeal from the Circuit Court for Leon County.
Frank E. Sheffield, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

WOLF, J.

Appellant challenges the lower court's ruling that she had the ability to pay restitution and therefore willfully and substantially violated her probation when she failed to do so. When looking at the undisputed facts in the record, it is clear that appellant did not have the ability to pay her regular expenses and therefore clearly

did not have the ability to pay restitution. The only way that the lower court could have reached its conclusion that she did was to improperly consider assistance that she was receiving from her family, which is reflected in the court's statements in the record.[*] See Anthony v. State, 574 So. 2d 266 (Fla. 1st DCA 1991) (holding that a court may only consider the *probationer's* income and expenses and not those of family members). Therefore, we REVERSE.

SWANSON, J., CONCURS; ROWE, J., DISSENTS WITH OPINION.

---

[*] We agree with the dissent that appellant did not sufficiently raise this issue of family support as an independent basis for reversal of this case. The reversal is based on a lack of evidence to support the court's finding that appellant had the ability to pay, which is the argument appellant raised on appeal.

ROWE, J., dissenting.

Although I agree with the majority that the trial court erred in considering the financial assistance Appellant received from relatives in determining whether Appellant had the ability to pay restitution, Appellant did not properly raise the argument on appeal. While Appellant preserved the argument for appeal by objecting in the trial court, Appellant did not raise the argument in her brief. Therefore, this issue has been waived. McDonald v. Pickens, 544 So. 2d 261, 264 (Fla. 1st DCA 1989); see also Caldwell v. Fla. Dep't. of Elder Affairs, 121 So. 3d 1062, 1064 (Fla. 1st DCA 2013) (""Claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived.'") (quoting Hammond v. State, 34 So. 3d 58, 59 (Fla. 4th DCA 2010)).

Although Appellant mentions the financial assistance she received from her relatives in her brief, stating "Appellant testified she received some irregular assistance from relatives and that her boyfriend sometimes helped," this statement was made as part of a recitation of the facts, and Appellant did not elaborate or make any arguments regarding the court's reliance on the assistance when it determined her ability to pay. As a result, the argument was not properly presented for review.