WOLF, J.
Appellant challenges the lower court’s ruling that she had the ability to pay restitution and therefore willfully and substantially violated her probation when she failed to do so. When looking at the undisputed facts in the record, it is clear that appellant did not have the ability to pay her regular expenses and therefore clearly did not have the ability to pay restitution. The only way that the lower court could have reached its conclusion that she did was to improperly consider assistance that she was receiving from her family, which is reflected in the court’s statements in the record.[1] See Anthony v. State, 574 So.2d 266 (Fla. 1st DCA 1991) (holding that a court may only consider the probationer’s income and expenses and not those of family members). Therefore, we REVERSE.
SWANSON, J., concurs.
ROWE, J., Dissents with Opinion.

. We agree with the dissent that appellant did not sufficiently raise this issue of family support as an independent basis for reversal of this case. The reversal is based on a lack of evidence to support the court’s finding that appellant had the ability to pay, which is the argument appellant raised on appeal.