909 So.2d 960 (2005)
Martin GONZALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1768.
District Court of Appeal of Florida, Third District.
August 31, 2005.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before COPE, C.J., and GERSTEN and GREEN, JJ.
PER CURIAM.
Martin Gonzales appeals an order of revocation of probation. We affirm.
Defendant-appellant Gonzales argues that the revocation of his probation was based entirely on hearsay evidence and must be reversed. See A.J.D. v. State, 842 So.2d 297 (Fla. 3d DCA 2003). Assuming that point was sufficiently preserved in the trial court, we disagree with the defendant's characterization of the evidence presented. It consisted of a sufficient amount of direct evidence in addition to hearsay.
The trial court found, among other things, that the defendant had failed to pay court ordered restitution and failed to pay court costs. Relying on Edwards v. State, 439 So.2d 1028 (Fla. 3d DCA 1983), the defendant argues that the State must prove the defendant was financially able to make the payments before failure to pay will warrant revoking probation. That part of the Edwards decision is no longer good law. It is now provided by statute that the burden of proof on this issue rests on the defendant. If the probationer's defense is inability to pay, "it is incumbent upon the probationer or offender to prove by clear and convincing evidence that he or she does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so." § 948.06(5), Fla. Stat. (2004); see Guardado v. State, 562 So.2d 696, 696-97 (Fla. 3d DCA 1990). The defendant offered no such proof in the trial court.
Affirmed.