POLEN, J.
Tameka Johnson appeals the trial court’s order of modification of probation, extending her term of probation by two years, based on its finding that she willfully and substantially violated the terms of her probation by failing to prove inability to pay restitution, costs of supervision, and court costs by clear and convincing evidence. We reverse the order of the trial court for the reasons set forth by the Florida Supreme Court in Del Valle v. State, 80 So.3d 999 (Fla.2011).
In 2006, Johnson was charged by information with communication fraud in the amount of $300 or more.[1] Johnson entered a plea of nolo contendere, was adjudicated guilty of the offense, and was placed on probation for a period of three years beginning on September 7, 2006. The probation order set out the following relevant conditions: payment of restitution in the amount of $2,388.87; cost of supervision in the amount of $40; court costs in the amount of $987; and 50 hours of community service.[2]
In August 2009, after being on probation for three years, Johnson was charged by affidavit with three violations of her probation: (1) failure to pay cost of supervision; (2) failure to pay restitution; and (3) failure to pay court costs. After a final violation of probation hearing, the trial court found that Johnson proved inability to pay by a preponderance of the evidence but not by clear and convincing evidence. As a result of this finding, the court extended Johnson’s probation for an additional two years with additional fees for costs of prosecution and the public defender fee.
At the final violation of probation hearing, the following testimony was adduced. When Johnson’s probationary term began in September 2006, she was working part-time, earning about $400-$600 a month. She also received about $76 a month for child support. Johnson failed to make payments toward the court-ordered restitution, supervision, and court costs for the remainder of 2006. However, she paid $50 in February 2007, and another $50 in March 2007. When she made these two payments, Johnson was still earning $400 a month. Johnson testified that when she made these payments, she probably kept something away from a bill in order to try to at least pay something that she owed. In April 2007, Johnson left her mother’s residence[3] because it was overcrowded. *1131 Johnson and five of her children then moved to an apartment, where she shared rent obligations of $1,150 per month with a friend; due to her financial limitations, she could only afford to pay her friend $400 each month. Thereafter, her friend moved out and Johnson became responsible for the entire rent payment. In February 2008, Johnson made a payment in the amount of $1,000, after receiving a tax refund for approximately $3,500; she used the rest of the refund money to pay past-due bills. Although she received a tax refund of a similar amount in 2009, she admitted that she did not contribute anything from that refund to her restitution. Johnson explained that ultimately she could not afford to allocate these funds to payments designated under the probation order because:
My house was in foreclosure, so, my rent was behind, my roommate had just moved out, my — the electricity was behind, my water was behind, I think around that time, my — my lights had even gotten cut off, so, all of that went toward bills that — that I owed and that was the reason that I wasn’t able to.
Johnson further testified:
I had a nephew who died of a brain tumor, so you know, everybody was trying to contribute to his funeral ... it was like everything was coming down at one time.
In August 2009, Johnson lost her part-time job and began receiving unemployment benefits in the amount of $888 a month. She attempted in good faith to stay current with rent and utility payments. Although unsuccessful, she diligently searched for employment using job search engines on the internet; however, her ability to search for job opportunities was severely limited by her lack of a driver’s license or a car. As a result, she was forced to make difficult decisions on a regular basis about where, and in what amount, to allocate her finances. As defense counsel noted:
[S]he has five people to support other than herself, she has no vehicle, she’s making basic payments on all of her bills, she’s behind on all of her bills. She did have a roommate which moved out on her, so, she’s now paying an entire amount of rent for her household.
At the time of the violations of probation, Johnson was unemployed and trying to make rent payments of $1,150 each month in addition to utility payments of approximately $320-$350 per month. She was no longer receiving child support payments despite the existence of a court order, and the $600 in food stamps she was receiving did not cover her family’s food expenses.
At the violation hearing, the State argued that it had satisfied its burden of establishing willful non-payment by showing that: (1) Johnson made cellular phone payments of $48 per month that could have gone toward restitution payments;[4] and (2) Johnson made a lump sum payment of $1,000 in 2008 after receiving a tax refund but not in 2009 because she “spent her money on other things.”
After argument by both sides, the trial court addressed the burden of proof and made the following findings:
[I]t has been proven by a preponderance of the evidence that the probationer doesn’t have the present resources to pay restitution, but it hasn’t been proven to me by a clear and convincing evidence that she doesn’t have the ability to pay *1132 restitution or the costs of supervision because she could have paid something out of the $3,500 in 2009, so, I’m going to find that there has been a willful, substantial ... material violation of probation.
Thereafter, the trial court extended Johnson’s probation for two additional years and ordered her to pay all previous fees and costs plus a $100 cost of prosecution and a $50 public defender’s fee. This appeal followed.
Johnson argues the trial court committed fundamental error by shifting the burden of proof to Johnson to demonstrate inability to pay by clear and convincing evidence. The State responds that there was no error because it showed Johnson had an ability to pay and failed to do so, and thus, proved a willful and substantial violation of the terms of her probation.
A trial court’s decision that violation of probation is both willful and substantial is reviewed for an abuse of discretion. Kaduk v. State, 959 So.2d 817, 819 (Fla. 4th DCA 2007). “The Equal Protection and Due Process Clauses of the United States Constitution ensure that an indigent probationer is not incarcerated based solely upon inability to pay a monetary obligation.” Del Valle, 80 So.3d at 1005 (citing Bearden v. Georgia, 461 U.S. 660, 664, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); U.S. Const, amends. V, XIV). “Further, the Florida Constitution contains its own due process clause that parallels the language of the Fourteenth Amendment and states that ‘[n]o person shall be deprived of life, liberty or property without due process of law.’ ” Id. (quoting Art. I, § 9, Fla. Const.).
In Del Valle, the Florida Supreme Court decided two issues, which were in conflict between the Third District and the Second, Fourth, and Fifth Districts:
(1) [W]hether a trial court, before finding a violation of probation for failure to pay restitution, must inquire into the probationer’s ability to pay and determine whether the failure to pay was willful; and (2) whether the burden-shifting scheme of section 948.06(5), Florida Statutes (2011),[5] which places the burden on the probationer to prove his or her inability to pay by clear and convincing evidence, is constitutional.
Del Valle, 80 So.3d at 1002. In approving of the holdings of all of the district courts of appeal, except the Third District, the supreme court held:
[BJefore a trial court may properly revoke probation and incarcerate a probationer for failure to pay, it must inquire into the probationer’s ability to pay and determine whether the probationer had the ability to pay but willfully refused to do so .... by the greater weight of the evidence^ and]
... [A]n automatic revocation of probation without evidence presented as to ability to pay to support the trial court’s finding of willfulness violates due process. Accordingly, the State must present sufficient evidence of willfulness, including that the probationer has, or has had, the ability to pay, in order to support the trial court’s finding that the violation was willful. Once the State has done so, it is constitutional to then shift the burden to the probationer to prove inability to pay to essentially rebut the State’s evidence of willfulness. However, while it is constitutional to place the burden on the probationer to prove inability to pay, the aspect of section 948.06(5) that requires the probationer to prove inability to pay by *1133 the heightened standard of clear and convincing evidence is unconstitutional.
Id. (emphasis added). As to the probationer’s . burden to prove inability to pay, the court explained:
Although the standard for proving a probation violation is the preponderance of the evidence, the defendant is required to meet a heightened burden of clear and convincing evidence to establish inability to pay. This imbalance in the scales of justice is even more significant considering the following: (1) when imposing restitution, the trial court no longer (as of 1995) considers the financial resources of the defendant and must impose restitution unless there are “clear and compelling reasons” not to do so; and (2) in a civil enforcement action where incarceration is not at stake, the probationer is held only to a preponderance of the evidence standard to demonstrate his or her financial resources. We further consider that the Legislature has not amended section 948.06(5) with respect to placing the burden on the probationer to prove inability to pay by clear and convincing evidence since adding the requirement in 1984 — at which time the financial resources of the defendant were a factor that the trial court was required to consider at the time that restitution was assessed and imposed.
[[Image here]]
... We conclude that imposing a burden of clear and convincing evidence on the probationer creates an impermissible risk that a person will be imprisoned simply because, through no fault of his or her own, he or she cannot pay the monetary obligation. Such an error is one of constitutional magnitude, “contrary to the fundamental fairness required by the Fourteenth Amendment” of the United States Constitution, [Bearden v. Georgia, 461 U.S. 660, 673, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) ], and in violation of the Florida Constitution. See art. I, § 11, Fla. Const.
... [T]he provision requiring the probationer to prove inability to pay by clear and convincing evidence is constitutionally infirm because it requires the defendant to bear a greater risk of an erroneous decision resulting in imprisonment for debt, despite an explicit protection in Florida’s Constitution against imprisonment for debt. See art. I, § 11, Fla. Const. This risk is constitutionally unacceptable.
Id. at 1013-15.
In light of the supreme court’s recent interpretation of section 948.06(5), it is clear that the trial court erroneously shifted the burden of proof to appellant to prove inability to pay by clear and convincing evidence. Because the trial court found that appellant had proven that she did not have the present resources to pay restitution, costs of supervision, and court costs by a preponderance of the evidence, we reverse the trial court’s order extending appellant’s probation by two years. We remand for entry of a new order, nunc pro tunc to the original order, finding that there was no willful violation of probation. Therefore, because the extension of probation was erroneous, any additional costs associated with the extension of probation was also erroneously imposed.

Reversed and Remanded.

HAZOURI and CIKLIN, JJ., concur.

. Communication fraud is a third degree felony. See § 817.034(4)(b)l, Fla. Stat. (2005).

. Johnson successfully completed this condition.

.Prior to April 2007, Johnson was living at her mother's house and paying $300 in rent.

. The State’s first argument was specifically addressed and dismissed by the trial court: The State suggested that Johnson's cell phone was a “luxury item.” The trial court disagreed: “Okay, I'm having a hard time believing a cell phone nowadays is a luxury, especially when you’ve got five kids.”

. As noted by the court, the 2008 version of section 948.06(5) at issue in Del Valle, and the case at bar, is identical to the current 2011 version of the statute.