NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MICHAEL SKIPPER,                              )
a/k/a MICHAEL DOUGLAS SKIPPER,               )
                                             )
        Appellant,                           )
                                             )
v.                                           )        Case No. 2D15-1263
                                             )
STATE OF FLORIDA,                            )
                                             )
        Appellee.                            )
_____ )

Opinion filed April 8, 2016.

Appeal from the Circuit Court for Polk
County; Michael E. Raiden, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Chief Judge.


        Michael Skipper seeks review of the order finding him in violation of his

probation for one count of third-degree grand theft.  Because the State presented no

evidence that Skipper had the ability to pay restitution but willfully failed to do so, the

State failed to prove that Skipper had violated his probation. Therefore, we reverse the order of revocation and remand with directions.

In March 2011, Skipper pleaded no contest to one count of third-degree grand theft in exchange for a sentence of thirty months' probation. His probation included a special condition that he pay restitution in the amount of $8443.27 to Polk County at the rate of $300 per month. The court also imposed various other costs and fees.

In March 2012, the court granted Skipper's motion to convert his court costs, fees, and fines—but not his restitution—to community service hours. By July 2012, Skipper had paid all of his court costs and fines through those hours, and he then requested that his probation be transferred to Georgia so that he could care for his young son and disabled wife who were living there near his wife's parents. This request was granted despite the fact that Skipper was more than $2000 in arrears on his restitution payments at that point.

In November 2013, shortly before Skipper's probation was to terminate, the Department of Corrections filed an affidavit of violation of probation alleging that Skipper had violated his probation by failing to make his restitution payments. For reasons not apparent from the record, the court did not set a revocation hearing on this affidavit until March 2015.

At the revocation hearing, the undisputed evidence established that Skipper was living in rural Georgia with his wife and 14-year-old son. His wife is completely disabled from a 2008 stroke, which left her paralyzed, wheelchair-bound, and needing assistance with virtually every activity of daily living. Skipper is his wife's

full-time caregiver.  While Skipper's in-laws live nearby and his father-in-law is able to help Skipper care for his wife in an emergency, this is not a permanent arrangement because his father-in-law is the full-time caregiver for his own wife, the wife's mother.

Prior to her stroke, Skipper's wife was the family's primary breadwinner. Skipper testified that while it would not be possible in central Florida, in this area of rural Georgia his family is able to live on his wife's disability income.  Skipper testified that he tries to supplement the family income by taking odd jobs, but there aren't many available jobs in the area and working creates the problem of finding someone to care for his wife.  Skipper did not dispute that he has not made regular payments toward his restitution obligation.  However, he testified that he has paid what he can in light of his financial situation and his wife's medical condition.[1]

Importantly, the State did not offer any evidence to contradict Skipper's testimony.  Instead, the State simply argued that it believed that Skipper should be able to find work.  The State proposed that Skipper could get a job, pay someone to care for his wife, and then remit the remainder of his earnings to cover the restitution obligation. Alternatively, the State proposed that Skipper could have his father-in-law or his 14-year-old son care for his wife while Skipper was at work.  However, the State offered no evidence to support its contention that Skipper could find work in rural Georgia and was simply choosing not to do so.  The State also offered no evidence that any job Skipper might be able to get would pay more than what he would have to pay a substitute caregiver for his wife.  Nevertheless, the trial court found that Skipper had willfully

---

[1]The record shows that Skipper has paid $250.01 toward the restitution obligation.

violated his probation by failing to pay restitution. It then extended Skipper's probation for two years,[2] ordered that Skipper seek a job working at least twenty hours per week, and ordered that Skipper apply for a minimum of five jobs a month that he is qualified to hold. Skipper appeals this modification of his probation.

"In probation revocation proceedings for failure to pay a monetary obligation as a condition of probation, the trial court must find that the defendant's failure to pay was willful—i.e., the defendant has, or has had, the ability to pay the obligation and purposefully did not do so." Del Valle v. State, 80 So. 3d 999, 1012 (Fla. 2011) (citing Bearden v. Georgia, 461 U.S. 660, 668-69 (1983)). In making the determination of willfulness, the trial court must consider the probationer's employment status, earning ability, financial resources, the willfulness of the failure to pay, and any other special circumstances that may have a bearing on the probationer's ability to pay. Id. at 1013; see also § 948.032, Fla. Stat. (2015). Moreover, the burden is on the State to present sufficient evidence to support a finding that the probationer had the ability to pay the monetary obligation and was refusing or choosing not to do so. Del Valle, 80 So. 3d at 1013.

Here, the State did not present any evidence to show that Skipper had the ability to pay the restitution and was refusing or choosing not to do so. It was

---

[2]We note that Skipper has been on community control or probation continuously since June 20, 2011, for this third-degree felony conviction. Given the statutory maximum sentence of five years, we question whether the trial court had the authority to extend Skipper's probation through March 2017. See Francois v. State, 695 So. 2d 695, 697 (Fla. 1997) (noting generally that probation may not be extended to a point that the time spent on probation exceeds the statutory maximum for the offense). However, Skipper did not raise this issue in this appeal, and our resolution of this case renders the issue moot.

undisputed that Skipper is his disabled wife's full-time caregiver. While the State argued that Skipper should be able to find work, its suggestion that Skipper have his father-in-law or his son care for his wife so he could work does not address the other obligations Skipper's father-in-law has or the inappropriateness of having a 14-year-old boy provide full-time care to his disabled mother rather than attending school. Moreover, the State offered no evidence that any job available in this area of rural Georgia and for which Skipper is qualified would pay enough for him to both pay an outside caregiver for his wife and make payments toward restitution. In short, the State offered no evidence whatsoever to meet its burden to prove that Skipper had the ability to pay restitution and was simply refusing or choosing not to do so.

While we recognize that in many instances it is appropriate for the court to order a probationer to seek work to obtain the means to pay restitution, in the circumstances here—where Skipper is the full-time caregiver for his totally disabled wife and the State offers no evidence that any financially viable alternative caregiving arrangements can be made—such an order would serve no useful purpose and therefore cannot stand. Hence, on these unique facts, we hold that it was an abuse of discretion to find that Skipper had willfully failed to pay restitution in violation of his probation obligations. Accordingly, we reverse the order finding Skipper in violation and modifying and extending his probation.

We note that the record shows that Skipper has completed all of the other terms of his probation. Further, it is apparent that Skipper's wife's condition will continue indefinitely. Therefore on remand the trial court should terminate Skipper's probation and issue a criminal order of restitution payable to the victim for the balance

of the restitution owed.  See Huard v. State, 971 So. 2d 890, 891 (Fla. 3d DCA 2007) (converting the restitution obligation into a criminal order of restitution when the defendant had no ability to pay).

Reversed and remanded with directions.

SILBERMAN and LUCAS, JJ., Concur.