IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEREMY E. LYNN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

Case No.  5D22-617
LT Case No. 2021-302270-CFDB

_____/

Opinion filed November 14, 2022

Appeal from the Circuit Court
for Volusia County,
Leah R. Case, Judge.

Tiffany Gatesh Fearing, of Suncoast
Legal Group, P.L., Spring Hill, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Whitney Brown
Hartless, Assistant Attorney General,
Daytona Beach, for Appellee.


PER CURIAM.

In this non-*Anders*[1] appeal, Jeremy E. Lynn challenges the order revoking his drug offender probation after trial and the resulting judgment and sentences imposed by the trial court. Concluding that the arguments raised by Lynn for reversal lack merit as the State met its burden of showing by the greater weight of the evidence that Lynn willfully and substantially violated his probation, *see Del Valle v. State*, 80 So. 3d 999, 1012 (Fla. 2011), we affirm. Two matters, though, merit brief comment.

First, Lynn was on drug offender probation for the third-degree felonies of criminal mischief over $1,000[2] and possession of a schedule II substance.[3] Upon revoking Lynn's probation, the trial court orally sentenced him to serve six years in prison, with the written judgment showing the six-year sentence on each count to be served concurrently. These sentences exceed the five-year statutory cap for third-degree felonies,[4] and there is nothing contained in the record, such as the lowest permissible sentence on the Criminal Punishment Code scoresheet showing six years, to explain why

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] *See* § 806.13(1)(b)3., Fla. Stat. (2020).

[3] *See* § 893.13(6)(a), Fla. Stat. (2020).

[4] *See* § 775.082(3)(e), Fla. Stat. (2020).

his sentences should exceed five years. *See* § 921.0024(2), Fla. Stat. (2020).

Second, the written order revoking probation cites to a violation of probation that Lynn was not found to have committed by the trial court. The order also does not include the two violations of probation that the court actually found were committed by Lynn.

However, because these apparent errors in both the sentence and the revocation order have not been preserved for review on direct appeal by either an objection or a motion filed under Florida Rule of Criminal Procedure 3.800(b), our affirmance here is without prejudice to Lynn timely filing a motion below seeking collateral relief, as appropriate. *See, e.g.*, *Washington v. State*, 814 So. 2d 1187, 1189 (Fla. 5th DCA 2002).

AFFIRMED, without prejudice.

LAMBERT, C.J., EVANDER and WALLIS, JJ., concur.