949 So.2d 345 (2007)
Casey L. TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3300.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
Carey Haughwout, Public Defender, and Frederick Arthur Mullins, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Casey L. Taylor appeals an order revoking his probation for failure to pay restitution. He contends that the trial court abused its discretion in revoking his probation because it did not order him to pay a specific monthly amount towards restitution and the evidence did not establish his ability or willful refusal to pay restitution. We disagree and affirm.
Appellant was charged by information with grand theft-motor vehicle, driving without a valid license, and leaving the scene of an accident causing property damage. Pursuant to the plea agreement, the state nolle prossed the grand theft charge and appellant pled no contest to driving without a license and leaving the scene. Appellant was placed on six months probation on each count, to run consecutively, with a condition to pay approximately $20,800 in restitution. The court ordered that the restitution be paid in equal monthly installments during his probation. Appellant signed an offender financial obligation agreement requiring him to make a minimum monthly payment of $2,690.07.
At the hearing on appellant's violation of probation, appellant's probation officer testified that appellant made only four payments of $100 toward his restitution. *346 Appellant testified that his net monthly income is $1,400. His monthly expenses include $400 for rent, $400 for food, $120 for lunch at work, $100-$200 for clothes and work boots, and $200 for his cell phone. Appellant explained that he needs a cell phone for work, as he works construction and must be able to call 911 or his company in case of emergency. He acknowledged, however, that he is not a supervisor and that other men on his crew also have cell phones.
After hearing appellant's testimony concerning his income and expenses and making some recalculations based on the reasonableness of his claimed expenses, the trial court found that appellant had $150 a month unaccounted-for-income. The court determined that appellant's $200 monthly payment for a cell phone was excessive and unnecessary, and a willful violation, in itself. The court also found that although appellant "may not be able to make all of his monthly [restitution] obligation, he certainly could pay more than what he's doing." Consequently, the trial court found appellant to be in willful and material violation of his probation, revoked his probation, and sentenced him to 120 days in the county jail, with credit for 50 days time served.
In arguing that the trial court abused its discretion in revoking his probation, appellant makes three claims: (1) that the court improperly delegated the duty of formulating a restitution payment schedule to his probation officer; (2) that he had until the end of his probation to pay the entire restitution obligation; and (3) that the evidence did not show his ability to pay and willful refusal to pay. The express terms of the probation order signed by the trial judge refute appellant's first two claims. With respect to appellant's third argument, the evidence was sufficient to satisfy the conscience of the trial court that appellant had the ability to pay more towards restitution, but willfully failed to do so.
A violation which triggers a revocation of probation must be willful and substantial, and a trial court's determination concerning the willful and substantial nature of a violation must be supported by the greater weight of the evidence. See Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). On appeal, the abuse of discretion standard of review applies to an order of probation revocation. Id.
In Spruill v. State, 643 So.2d 1191, 1192 (Fla. 5th DCA 1994), the fifth district upheld the trial court's order revoking the defendant's probation for failure to make any payments towards his monthly restitution obligation. There, the defendant was ordered to pay $1,700,000 in restitution to his fraud victims at the rate of $17,000 per month. Although the defendant lacked the ability to make the full monthly payment ordered, the evidence was clear that he had the ability to pay $50 a month toward restitution. However, he stopped making the $50-monthly payments when he moved away from Florida. The fifth district held that the trial court properly concluded that the defendant did not make a good faith effort to meet his obligations to the best of his financial ability.
In Osta v. State, 880 So.2d 804 (Fla. 5th DCA 2004), the fifth district affirmed the order revoking probation where the trial court found that the defendant could have paid much more towards his restitution than he did. There, the defendant was ordered to pay restitution of $62,529.96. He made only small payments and became delinquent in his payment plan by $24,000. Based upon evidence that the defendant had traveled extensively and maintained a group of "shell" companies, the fifth district affirmed the trial court's finding that defendant willfully refused to pay restitution.
*347 In this case, we similarly find no abuse of discretion in the trial court's determination that, though appellant may have been unable to pay the full monthly amount ordered, he could have paid more than he did towards his restitution obligation. Accordingly, we affirm the trial court's order revoking appellant's probation.
Affirmed.
STONE, J., and COLBATH, JEFFREY J., Associate Judge, concur.