PER CURIAM.
Appellant Charles K. Herrin challenges his conviction for misdemeanor simple battery, raising four points. We address the latter two of those issues: (1) alleged error in sentencing appellant to sex offender mental health treatment; and (2) a scrivener’s error appearing in the order of probation. We reverse and remand to correct the scrivener’s error and affirm in all other respects.
On June 3, 2009, the State charged Her-rin by information with sexual battery with slight force upon a person twelve years of age or older. A jury ultimately acquitted appellant of sexual battery and of the lesser-included offense of attempted sexual battery, but found him guilty of the lesser-included offense of misdemeanor simple battery.
At the sentencing hearing, the trial judge determined that it would be “illegal ... to take into account any of the allegations of sexual battery[,]” because “the jury ... found [that offense] did not occur.” Rejecting the State’s recommendation of the maximum penalty, the court nonetheless asserted that “what the jury found [appellant] did is more offensive *1208 than a run-of-the-mill battery.” Thus persuaded, the court sentenced Herrin to 30 days in county jail with credit for time served and ordered appellant to undergo a “psychological evaluation and any recommended treatment.” Defense counsel objected, asserting the “State and the PSI are specifically asking for a type of offense counseling for which my client has been acquitted.” Counsel continued, “That is improper, and what they are asking you to do, sir, is to sentence [appellant] in an illegal manner.”
Herrin argues first that the trial court erred in sentencing him to “sex offender mental health treatment,” which, he contends, bears no relation to the crime of which he was convicted. Appellant directs our attention to G.F. v. State, where the trial court imposed sex offender treatment as a special condition of probation on a juvenile found delinquent for the offense of battery. See 927 So.2d 62, 62-63 (Fla. 5th DCA 2006). Finding that the special condition “bears no relationship to the offense of which [defendant] was adjudicated delinquent[,]” the Fifth District reversed and ordered that the sex offender treatment program be stricken from the order of probation. See id. at 64-65 (citing A.M.B. v. State, 917 So.2d 239 (Fla. 5th DCA 2005)).
Though the instant case presents facts similar to those found in G.F., Herrin has not identified a need for relief. Nowhere in the record does it appear that the trial court actually sentenced appellant to “sex offender” counseling or treatment. The presentence investigation (PSI) recommends, in the event appellant is placed on probation, the completion of “sex offender counseling.” The court, however, simply required a psychological evaluation and any “recommended treatment.” The State’s recommendation notwithstanding, this issue is moot because we do not read the record as establishing that the court imposed sex offender treatment as a mandatory special condition of probation. We expressly do not read the PSI as the “psychological evaluation” ordered by the sentencing court.
Herrin also alleges the court erred by indicating in the order of probation that appellant entered a plea of nolo contendere to the charge of battery. Having reviewed the order, we observe that appellant has identified a mistake as argued-the order should read that Herrin was convicted of misdemeanor simple battery following a trial by jury. Accordingly, we REMAND the order of probation for appropriate correction of this error. See Tucker v. State, 15 So.3d 932, 932 (Fla. 4th DCA 2009) (remanding the matter to the circuit court to “correct the scrivener’s error in the judgment of conviction, which indicates that appellant entered a plea of nolo con-tendere, rather than correctly showing that appellant was found guilty after a jury trial”). The matter is AFFIRMED in all other respects.
KAHN, LEWIS, and CLARK, JJ., concur.