IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KEITH PENN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2412

Opinion filed May 6, 2016.

An appeal from the Circuit Court for Leon County.
Kathleen F. Dekker, Judge.

Jeffrey Lewis, Office of Criminal Conflict and Civil Regional Counsel, Region One, and Melissa J. Ford, Assistant Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Charles R. McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Upon review pursuant to Anders v. California, 386 U.S. 738 (1967), we find no error with Appellant's judgment or sentence, and affirm. We write only to correct a scrivener's error on Appellant's scoresheet and order of community control. See Ashley v. State, 850 So. 2d 1265, 1268 n.3 (Fla. 2003) (defining a

scrivener's error as a written clerical error that is *not* "the result of a judicial determination or error"). Appellant was found guilty by jury verdict, but his scoresheet and order of community control incorrectly indicate that the charges were resolved by plea. On remand, the trial court shall correct this error. See Carter v. State, 173 So. 3d 1048, 1051 (Fla. 1st DCA 2015) (affirming judgment but remanding for correction of scrivener's error where scoresheet incorrectly indicated plea instead of trial); Drayton v. State, 89 So. 3d 287, 287-88 (Fla. 1st DCA 2012) (mem.) (instructing lower court to correct documents indicating plea, where a jury found appellant guilty); Herrin v. State, 51 So. 3d 1207, 1208 (Fla. 1st DCA 2011) (remanding for correction of scrivener's error in manner of disposition).

Judgment AFFIRMED and cause REMANDED for correction of scrivener's error.

LEWIS, OSTERHAUS, and KELSEY, JJ., CONCUR.