DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIE GEORGES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D13-837 and 4D13-893

[June 1, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lynn Rosenthal, Judge; L.T. Case Nos. 12009768CF10A and 09019612CF10A.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

In this consolidated appeal, Willie Georges contends the trial court erred in proceeding to sentencing him on grand theft charges, where the value of the stolen property ranged from $4,000 to $80,000, after denying a joint motion by the defense and the State to continue sentencing until after certain issues regarding restitution could be resolved. We affirm as to that issue without discussion.

The second issue raised by Georges is the contention that the trial court erred in failing to award full credit for time served prior to sentencing. The issue was raised in the trial court in a motion pursuant to Florida Criminal Rule of Procedure 3.800(b)(2). At the hearing on the motion, the State argued that rule 3.800(b)(2) was not the proper rule to grant a remedy for the time served issue. The trial court disagreed with the State. However, the trial court noted that the defense had agreed with the amount of time served during the sentencing hearing, and, in fact, it was the defense that first gave an estimated number, and the trial court actually corrected the defense and gave Georges more credit than his estimate. The trial court

stated that it did not believe Georges was entitled to any greater time than what the trial court announced and what was agreed to at sentencing. Both the trial court and the State agreed that Georges may nevertheless have a remedy under rule 3.801.

A motion under Florida Rule of Criminal Procedure 3.801 was the appropriate avenue to correct the time served issue. Rule 3.801 was adopted in April 2013, and became effective July 1, 2013. Fla. R. Crim. P. 3.801. Thus, the rule was in effect at the time defense counsel filed his motion under rule 3.800(b)(2). Rule 3.801 specifically provides for the correction of jail credit for a sentence that fails to allow a defendant credit for all time served. *Id.* The commentary to the rule states that:

> *All jail credit issues must be handled pursuant to this rule.* The rule is intended to require that jail credit issues be dealt with promptly, within 1 year of the sentence becoming final. No successive motions for jail credit will be allowed.

Fla. R. Crim. P. 3.801 (emphasis added). The commentary is clear that "all jail credit issues must be handled pursuant to this rule." *Id.* Accordingly, the jail credit issue could not be addressed by Georges's rule 3.800(b)(2) motion.

We affirm on the denial of the motion for credit for time served pursuant to rule 3.800(b)(2) without prejudice to file a facially sufficient rule 3.801 motion within thirty days of the issuance of this court's mandate. *Vincent v. State*, 149 So. 3d 1151 (Fla. 4th DCA 2014). A motion filed within this time will not be deemed untimely or successive.

*Affirmed.*

GROSS and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**