Klingensmith, J.
Appellant, Zaheer Ali, previously pled guilty to aggravated stalking and criminal mischief, and was placed on probation that included community control. He was later charged with violating his probation by committing false imprisonment and domestic battery by strangulation. As a result of the State’s concession of error on issues relating to the form of the final judgment, we reverse.
The State concedes that the final judgment entered by the court erroneously failed to reflect the offenses for which appellant was found to have violated his probation, but contends that it was merely a scrivener’s error that should be corrected on remand. The judgment entered by the court, which imposed a ten-year prison sentence, contained the correct underlying case number and indicated it was for a probation violation. However, the judgment listed the new offenses for which appellant was arrested, instead of the original offenses for which he was originally placed on probation.
Thus, we remand for the court to correct the scrivener’s error on the final judgment so that it reflects the offenses for which appellant violated probation. See Widel v. State, 120 So.3d 68, 69 (Fla. 4th DCA 2013) (case remanded to correct scrivener’s error where sentencing disposition order listed the wrong offense for which the defendant was convicted); Sirota v. State, 977 So.2d 700, 701 (Fla. 4th DCA 2008) (case remanded to correct judgment containing a scrivener’s error); Newson v. State, 867 So.2d 603, 603 (Fla. 2d DCA 2004) (written judgment remanded for correction of a scrivener’s error). Appellant need not be present for the trial court to make this correction. Thomas v. State, 174 So.3d 599, 600 (Fla. 5th DCA 2015); Sirota, 977 So.2d at 701.
The State also concedes that the order revoking community control erroneously listed only “aggravated stalking,” as it should have also listed “criminal mischief.” Accordingly, we also remand the order revoking community control to the trial court to be corrected to include “criminal mischief.” See Penn v. State, 190 So.3d 258, 259 (Fla. 1st DCA 2016) (affirming conviction and sentence, but remanding to correct scrivener’s error on order of community control).
Additionally, appellant claims he was not given the appropriate amount of jail credit for time already served. However, he failed to preserve this issue for review on direct appeal. See Georges v. State, 199 So.3d 971, 973 (Fla. 4th DCA 2016) (holding that all jail credit issues must be handled pursuant to Florida Rule of Criminal Procedure 3.801), rev. denied, No. SC16-1473, 2016 WL 6723772 (Fla. Nov. 15, 2016). Rule 3.801(b) requires a motion under the rule to be filed no later than one year after a sentence becomes final. Here, while the sentence was entered on February 11, 2016, “[a] criminal proceeding is concluded when, inter alia, the mandate issues from the appellate court on a direct appeal of a defendant’s judgment and sentence.” Davis v. State, 198 So.3d 1070, 1072 (Fla. 5th DCA 2016). We therefore affirm appellant’s sentence without prejudice to file a motion for post-conviction relief pursuant to rule 3.801 within thirty days of the issuance of this court’s mandate. See Georges, 199 So.3d at 973. We affirm as to all other issues raised on this appeal without further comment.

Reversed and Remanded ivith instructions.

Taylor and Gerber, JJ., concur.