DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE E. MORALES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2003

[June 17, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona Maxine Holmes, Judge; L.T. Case No. 04-6537CF10B.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuńa, Assistant Attorney General, West Palm Beach, for appellee.

### *On Confession of Error*

MAY, J.

The defendant appeals his sentence on a revocation of probation. The trial court orally pronounced a sentence of thirty years with a three-year mandatory minimum and a $50,000 fine on count two—trafficking in cocaine between 28 grams and 200 grams—to run concurrent with the other counts. But, the sentencing order and order assessing charges reflect a $500,000 fine with a $25,000 surcharge for count two. In his Initial Brief, the defendant argues the $500,000 fine and surcharge imposed on count two are illegal and do not conform with the court's oral pronouncement. The State agrees.

First, the oral pronouncement of a $50,000 fine controls. *See Briggs v. State*, 936 So. 2d 789 (Fla. 4th DCA 2006). And second, the State agrees the $500,000 fine and $25,000 surcharge is illegal. We agree.

We reverse and remand the case to the trial court for correction of the sentencing order and the Order Assessing Charges/Costs/Fees for count two to reflect a $50,000 fine, plus the commensurate 5% surcharge. Because this is a scrivener's error, the defendant agrees he need not be present for the correction of the sentencing orders. *See Ali v. State*, 215 So. 3d 1250, 1251 (Fla. 4th DCA 2017).

*Reversed and remanded.*

WARNER and GROSS, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

2