DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEAN CLAUDE NOEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2021-2552

[June 20, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Jr., Judge; L.T. Case No. 07009128CF10A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Jean Claude Noel appeals his judgment and sentence entered after the trial court found him in violation of probation. Noel argues the trial court erred in: (1) revoking his probation; (2) imposing a sentence without a formal hearing; (3) denying his motions to correct sentence; (4) granting the State's motion to correct sentence and reduce prison credit; and (5) holding the violation of probation hearing by video conference.

We affirm issues (2), (4), and (5) without discussion. As discussed below, we affirm the first issue regarding the revocation of probation based on Noel's willful and substantial violation of the terms of his probation. We nonetheless agree with Noel with respect to his third issue—the trial court listed a crime on the probation order for which Noel had not been convicted, and the court erred in not orally pronouncing special conditions entered in the order. We thus partially reverse and remand for trial court rectification of these errors.

## Background

Noel's initial sentence for conspiracy to commit racketeering and grand theft in the first degree was the subject of an en banc opinion issued by this court, which the Florida Supreme Court later quashed. *Noel v. State*, 127 So. 3d 769 (Fla. 4th DCA 2013), *quashed*, 191 So. 3d 370 (Fla. 2016). Noel was ultimately resentenced and, having served his prison sentence, he was placed on probation, subject to "special conditions."

In 2019, the State issued a warrant for Noel's alleged violation of probation. In part, the State alleged Noel had failed to make restitution payments, had failed to maintain lawful employment, and had submitted untruthful reports concerning restitution payments and his employment status.

Following a hearing, the trial court determined Noel had violated his probation. The court revoked Noel's probation and sentenced him to sixteen years in prison, with credit for ten years' time served, followed by nine years' probation, stating, "[h]e's going to get credit for all his time served, and following that, he's going to go back on probation." Noel's counsel below did not object to this sentence and asked the trial court to appoint an appellate attorney for Noel. This appeal follows.

## Analysis

### *Noel violated his probation when, despite having the ability to pay restitution to his victims, he willfully and substantially refused to do so.*

"Whether to revoke probation involves a two-step process." *Milanes v. State*, 296 So. 3d 933, 937 (Fla. 4th DCA 2020). "First, the trial court must find by a preponderance of the evidence that the probationer willfully and substantially violated probation," which finding we review for competent substantial evidence. *Id.*; *see also Harrington v. State*, 238 So. 3d 294, 298 (Fla. 4th DCA 2018). "Second, the [trial] court must then determine whether to revoke probation," reviewed for an abuse of discretion. *Id.*

"The trial court is in a better position to identify the probation violator's motive, intent, and attitude and assess whether the violation is both willful and substantial." *State v. Carter*, 835 So. 2d 259, 262 (Fla. 2002). "Trial courts are granted 'broad discretionary power' to both 'grant the privilege of probation' and to revoke it," but that power "is not unbridled and should

2

not be arbitrarily exercised." *Harrington*, 238 So. 3d at 298 (quoting *Lawson v. State*, 969 So. 2d 222, 229 (Fla. 2007)).

"In probation revocation proceedings for failure to pay a monetary obligation as a condition of probation, the trial court must find that the defendant's failure to pay was willful—i.e., the defendant has, or has had, the ability to pay the obligation and purposefully did not do so." *Del Valle v. State*, 80 So. 3d 999, 1012 (Fla. 2011). "Once the State has established sufficient evidence for the trial court to make a determination of willfulness, under the statute, the burden is then on probationer to prove inability to pay." *Id.* at 1013. "If the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection." *Id.* at 1012 (quoting *Bearden v. Georgia*, 461 U.S. 660, 668 (1983)).

Here, competent substantial evidence existed to support the trial court's finding Noel had willfully and substantially violated probation.

The State subpoenaed ten different bank accounts and credit cards within Noel's control. Over a six-year period, Noel only paid $1,535 of the $650,000 which he owes in restitution. Noel had $52,691 in deposits and made $70,605 in debit payments during that same time frame.

For the first three years of his probation, Noel made no restitution payments, yet he was in control of $34,589 in his accounts. For spans of several months, Noel did not make any restitution payments. In other months, Noel made payments between $20 and $90. For the last six months on record, Noel's restitution payments totaled only $1,175.

Much of Noel's expenditures went towards restaurants, bars, clothing, Uber, Lyft, Amazon, and liquor. One of Noel's probation officers testified that Noel had informed the officer that he (Noel) did not feel an urgency to pay restitution and felt that he (Noel) was the victim.

The record evidence supports the finding that Noel could have paid more in restitution than he did, as competent substantial evidence supported finding Noel willfully and substantially refused to make more than de minimis restitution payments. *See Taylor v. State*, 949 So. 2d 345, 347 (Fla. 4th DCA 2007) (affirming the trial court's revocation of probation order premised on "the trial court's determination that, though appellant may have been unable to pay the full monthly amount ordered, he could have paid more than he did towards his restitution obligation"); *see generally Osta v. State*, 880 So. 2d 804, 807 (Fla. 5th DCA 2004)

3

("Since the evidence of record supports a determination that [the probationer] could have used some of the money spent traveling and keeping up his shell corporations to pay restitution, we affirm the trial court's [revocation] ruling.").

Competent substantial evidence also supported finding Noel had the ability to make more substantial restitution payments. Noel lived in a house which his wife owns, and he did not pay rent. His wife did not charge Noel for food either. The couple did not have any minor children.

Noel had opened a bank account for which he initially reported his annual income as $115,001. A month later, Noel informed the bank that he was earning $60,000 in annual income. Accordingly, competent substantial evidence supported finding Noel had the ability to pay restitution.

Competent substantial evidence also supported finding Noel gave untruthful information to his probation officers concerning restitution payments which he did not make and his employment status. Therefore, the trial court did not err in revoking Noel's probation.

### *The trial court erred in including an offense on the probation order for which Noel had not been convicted.*

Noel argues, and the State concedes, that the trial court's probation order erroneously lists a conviction under the Racketeer Influenced and Corrupt Organization (RICO) Act. Although initially charged with racketeering, Noel was convicted of only conspiracy to commit racketeering and first degree grand theft. Therefore, we remand for the trial court to correct the scrivener's error on the probation order to reflect only the offenses for which Noel was convicted. *See Ali v. State*, 215 So. 3d 1250, 1251 (Fla. 4th DCA 2017).

### *The trial court erred in imposing special conditions of probation not orally pronounced at sentencing.*

General or standard conditions of probation are statutorily authorized or mandated, and therefore such conditions may be imposed and included for the first time in a written sentencing order because such conditions "do not require oral pronouncement at the time of sentencing." § 948.03(1), Fla. Stat. (2021); *State v. Hart*, 668 So. 2d 589, 592 (Fla. 1996). Special terms and conditions of probation must be imposed by oral pronouncement at sentencing before including such terms and conditions

4

in a written sentencing order. § 948.039, Fla. Stat. (2021); *Metellus v. State*, 310 So. 3d 90, 93 (Fla. 4th DCA 2021).

Here, the trial court's statement at sentencing, "he's going to go back on probation," was not sufficient to place Noel on notice that the trial court was reimposing special conditions of probation. Thus, the trial court's written probation order imposing several special conditions of probation from Noel's prior probation—which the trial court had not orally pronounced—deprived Noel of an opportunity to object. Nonetheless, some of those reimposed conditions were actually general conditions of probation that could have been imposed without an oral pronouncement at sentencing. *See Hart*, 668 So. 2d at 592. Thus, we must determine which of the reimposed conditions are special and must be stricken.

The trial court reimposed all but two previous special conditions of probation from Noel's previous probation sentence almost three years earlier. Those conditions imposed from the previous probation order, which were categorized there as special conditions, are[1]:

(1) Setting Noel's sentence of probation for six years with credit for "time [a]lready [s]pent on [p]robation."

(2) Prohibiting Noel from controlling any money other than his own during the sentence of probation.

(3) Requiring any employment in the financial industry, including capital investment, to be cleared with the probation officer.

(4) Providing notice to the Department of Corrections that Noel shall not solicit financial products or funds to individual potential investors.

(5) Requiring that once Noel secures employment, he must give his probation officer a detailed job description, and if the court sustains an objection by the State, Noel shall resign.

(6) Imposing $15 toward the cost of Noel's supervision.

(7) Ordering Noel to pay $650,000 in restitution to victims, in joint and several liability with the co-defendant, which is to be paid from 15% of Noel's monthly income.

---

[1] For clarity, we have renumbered and rephrased these special conditions.

(8) Imposing $26,638.86 toward investigative costs, with the surcharge waived.

(9) Imposing $23,167.48 toward the cost of prosecution.

Conditions 1 and 6 are not part of Noel's appellate challenge because the trial court did not reimpose those conditions following Noel's probation violation. Condition 1's six-year probation term conflicts with the trial court's order sentencing Noel to nine years of probation, and the trial court waived Condition 6 in the written probation order.

Conditions 2, 3, 4, and 5 are special conditions of probation that must be imposed orally. Accordingly, these special conditions must be stricken from the order of probation. *See Douchard v. State*, 357 So. 3d 142, 148–49 (Fla. 4th DCA 2023); *Jenkins v. State*, 332 So. 3d 1013, 1020 (Fla. 4th DCA 2022).

On the other hand, Conditions 7, 8, and 9 are general conditions that do not require striking. Condition 7 is a general condition of probation, because section 948.03(1)(f), Florida Statutes (2021), lists restitution as a general condition not requiring an oral pronouncement. § 948.03(1)(f), Fla. Stat. (2021); § 948.032, Fla. Stat. (2021). Similarly, Conditions 8 and 9 are general conditions of probation because "convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies" and "payment of any costs under this section shall be a condition of such probation." § 938.27(1), (3), Fla. Stat. (2021).

**Conclusion**

The trial court relied on competent substantial evidence in finding Noel willfully and substantially violated his probation. The trial court also did not abuse its discretion in revoking Noel's probation. Thus, we affirm the trial court's finding and revocation.

However, we reverse and remand for the trial court to correct the scrivener's error erroneously listing a crime for which Noel was not convicted, and to strike special conditions of probation not orally pronounced at sentencing. Noel need not be present for these ministerial acts. *See Metellus*, 310 So. 3d at 94; *Ali*, 215 So. 3d at 1251.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and KUNTZ, JJ., concur.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*